UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA DIXON AND <br> JAMES DIXON, <br>     Plaintiffs, <br>     v. <br> MONACO COACH CORPORATION, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    CAUSE NO. 3:07-CV-558 CAN <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

On October 18, 2007, Plaintiff, Patricia Dixon ("the Dixons"), filed her complaint in Elkhart County Superior Court. On November 15, 2007, this case was removed to this Court. On December 17, 2007, upon the consent of the parties, this case was reassigned to the undersigned for all purposes. On October 1, 2008, Defendant, Monaco Coach Corporation ("Monaco"), filed a motion for summary judgment. On December 12, 2008, the Dixons filed a response in opposition. On January 14, 2009, Monaco filed a reply. This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**I.  FACTS**

On February 4, 2006, the Dixons purchased a recreational vehicle ("RV") manufactured by Monaco. On February 21, 2006, the Dixons took delivery of the RV and have, since, used the RV as a full-time residence. After purchasing the RV, the Dixons have alleged that several defects exist in the RV.

Monaco contends that the RV was covered under the terms and conditions of a limited warranty. In addition, Monaco notes that, on several occasions during the stated warranty

period, Monaco performed repairs on the Dixon's RV, pursuant to the warranty.  See Harlan Aff., Doc. No. 17-5 at 2.

The terms of the warranty limited the time period of the warranty's application to one year from the date of purchase.  See Doc. No. 17-5 at 3.  The warranty also contained a provision, limiting the time in which the Dixon's could file suit, for breach of the terms of the warranty, to ninety days following the termination of the year of coverage.  The limitation provision reads as follows:

> **ANY ACTION TO ENFORCE THESE EXPRESS OR ANY IMPLIED WARRANTIES SHALL NOT BE COMMENCED MORE THAN NINETY (90) DAYS AFTER THE EXPIRATION OF THE ONE YEAR WARRANTY COVERAGE PERIOD DESIGNATED ABOVE.**

See Doc. No. 17-5 at 6 (emphasis in original).

On October 18, 2007, the Dixons filed their original complaint against Monaco in Elkhart County Superior Court, alleging numerous defects in their RV.[1]  Monaco notes, however, that under the express conditions of the limited warranty, the Dixons had until May 20, 2007, fifteen months after delivery of the RV, to file their complaint.  Having filed their complaint five months after the May deadline, Monaco argues that the Dixons are now precluded from bringing their claim.

---

[1] Although the Dixons' Amended Complaint does not explicitly state a particular cause of action against Monaco, the underlying allegations imply a breach of warranty action.  Further, in response to Monaco's motion for summary judgment, the Dixons did not assert that other claims made up the core of their complaint.  In prudence, however, Monaco incorporated a parallel analysis under the Federal Magnuson-Moss Warranty Improvement Act ("Act"), 15 U.S.C. § 2301.  Because the Dixons did not address Monaco's analysis under the Act in their response, assented to Monaco's assertion of the applicable law to this case, and did not otherwise indicate that other claims were part of their complaint, this Court does not address the analysis under the Act any further.  An undeveloped argument is a waived argument.  See Kochert v. Adagen Med. Intern., Inc., 491 F.3d 674, 679 (7th Cir. 2007). In this case, the Dixons made no argument at all.

2

**II.    ANALYSIS**

    A.    Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253, 289 (1968)).

    B.    Applicability of the Warranty's Term Limiting the Time Period for Bringing Breach of Warranty Claims

A federal court sitting in diversity is bound to follow the applicable Indiana statute of limitations. Thomas v. Guardsmark, Inc., 381 F.3d 701, 707 (7th Cir. 2004). Ind. Code § 26-1-2-725 states the controlling statute of limitations in this case and reads as follows.

> (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.

Ind. Code § 26-1-2-725.

Monaco asserts that the terms of the limited warranty comported with the statute's requirements, limiting the time for filing claims for breach of warranty to one-year-and-ninety days after the date of delivery. See Limited Warranty, Doc. No. 17-5 at 3 and 6. The Dixons agree with Monaco's representation of the law and the application of the express terms of the warranty under the statute. In addition, the Dixons acknowledge that Monaco has a compelling argument under the statute. Indeed, the Dixons state in their response brief, "[Monaco] arranges and articulates a very strong legal argument that [the Dixon's] Complaint is untimely . . .". Doc. No. 24 at 4.

The Dixons contend, however, that the statute of limitations, as articulated in the limited warranty, is not applicable to the Dixons' immediate claim because (1) the Dixons did not have an opportunity to bargain for the limited warranty terms, and because (2) applying the terms of the limited warranty in the Dixons' circumstance would be unconscionable. Instead, the Dixons argue that the applicable statute of limitations should be four years, as articulated by the terms of Ind. Code § 26-1-2-725. This Court does not agree with either of the Dixons' arguments.

To begin, the Dixons assert that they did not have an opportunity to bargain for the terms of the limited warranty at the time it purchased the RV. Instead, the Dixons note that they did not receive the limited warranty until seven months after they purchased the RV. In addition, the Dixons dispute the authenticity of the signature on the "Acknowledge of Receipt of Towable Warranty/Product Information" form, which indicates that the warranty terms were provided to

4

the Dixons at the time of delivery of the RV. As such, the Dixons claim that they cannot be bound to the warranty's terms because they were unaware of the terms and were not provided an opportunity to bargain for them.

While lamentable, this Court does not find the stated deficiencies with the delivery of the warranty's terms sufficient to prevent the application of the statute of limitations stated therein. To begin, the Dixons failed to present any authority to show that a failure of delivery is sufficient, in itself, to negate the express terms of a limited warranty. Instead, even assuming that the Dixons' representations are accurate and they did not actually receive the warranty's terms until seven months after they purchased the RV at issue, the Dixons were clearly on notice from that point forward of the warranty's terms.

On February 21, 2006, the Dixons obtained actual possession of their RV. See Doc. No. 24 at 2. The Dixons contend that they received the warranty sometime between September 20-27, 2006. See Doc. No. 24 at 1. As such, the Dixons had actual possession of the warranty's terms for at least eight months prior to the end of the warranty period, on or around February 21, 2007, and fifteen months prior to the filing of their claim, on October 18, 2007.

Further, the evidence is undisputed that the Dixons took direct advantage of the warranty prior to the filing of their claim, requesting and receiving numerous repairs from Monaco during the applicable warranty period. See Harlan Aff., Doc. No. 17-5 at 2. As such, the Dixons can not now argue that they are suddenly surprised by the application of the limited warranty and its terms relating to the filing of breach of warranty claims.

In addition, although not specifically supported with affidavits, Monaco presents a compelling argument regarding the lack of opportunity for *either* party to negotiate the terms of

5

the limited warranty at the time of sale. Specifically, Monaco notes that the limited warranty is incorporated automatically into every purchase agreement and is offered on a "take it or leave it basis." Further, Monaco, asserts its reliance, as an RV manufacturer, upon the RV retailer to deliver the limited warranty to the customer at the time of sale. As such, it is hard to understand what exactly would have changed, had the Dixons' been aware of the warranty's terms at the time of sale.

Likewise, this Court finds the Dixons' related argument, that the application of the warranty's terms to the immediate case would be unconscionable, to be similarly unpersuasive. The Dixons assert that, because they did not receive the terms of the warranty until seven months after they purchased the RV, application of the limited period to bring their breach of warranty claim creates an unconscionable contract.

Ind. Code § 26-1-2-302 allows a court as a matter of law to deem a clause or entire contract to have been unconscionable at the time it was made. Official Comment 1 to the statute provides that the test for unconscionability is "whether, in light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract."

Even assuming the Dixons' assertions are true, this Court can not agree that the continued application of the warranty's limitation period to the Dixon's claim creates an unconscionable bargain. To begin, Ind. Code § 26-1-2-725 expressly permits the shortening the warranty period to one year. As such, the Indiana legislature has expressly provided that a manufacturer can limit the applicable warranty period without creating a *per se* lopsided-bargain.

6

Further, given the warranty's fifteen-month limitation period, even assuming the seven-month delay in delivery of the warranty, the Dixons still had nearly eleven months after they had actual delivery of its terms, until May 20, 2007, to file a breach of warranty claim. Such a time period is nearly identical to the year-long period set forth in the statute and is, therefore, not *per se* unconscionable. See Ind. Code § 26-1-2-725 ("By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.").

Finally, as this Court has already articulated, the Dixons do not dispute that they took advantage of the warranty's protections on numerous occasions during the limitation period. Such ready assent to the protections of the warranty does not easily comport with the Dixons simultaneous argument that the terms of the warranty, as applied in this case, are so "one-sided" to be unconscionable.

## IV.  CONCLUSION

Because this Court finds that the Dixons have failed to present sufficient evidence to bar the application of the warranty's term limiting the time period for bringing breach of warranty claims, this Court holds that the Dixon's complaint was untimely filed. Consequently, this Court now **GRANTS** Monaco's motion for summary judgment and awards costs. [Doc. No. 16]. Additionally, the Clerk is instructed to term this case in favor of Monaco.

**SO ORDERED.**

Dated this 27th Day of January, 2009.

                                                         S/Christopher A. Nuechterlein
                                                         Christopher A. Nuechterlein
                                                         United States Magistrate Judge